# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. DALE KLEIN,
          Petitioner,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
          Agency.

DOCKET NUMBER
CB-1208-16-0023-U-7

DATE: July 13, 2017

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Sheri S. Shilling, Esquire, Washington, D.C., for the petitioner.

Loretta Poston, Esquire, Tampa, Florida, for the relator.

Michael E. Anfang, Esquire, Kansas City, Missouri, for the agency.

Pamela R. Saunders, Minneapolis, Minnesota, for the agency.

## BEFORE

Mark A. Robbins, Vice Chairman

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY EXTENSION REQUEST**

¶1      Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests an extension of the previously granted stay of the agency's termination of Dr. Dale Klein.  For the reasons discussed below, OSC's request is GRANTED and the stay is extended through August 11, 2017.

**BACKGROUND**

¶2      OSC has been investigating Dr. Klein's reprisal claims against the Department of Veterans Affairs (DVA) since April 2016, when DVA notified Dr. Klein that he would be separated from his position as a pain management physician, effective April 28, 2016, during his probationary period.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-1, Stay Request File (U-1 SRF), Tab 1 at 5.  OSC filed its initial 45-day stay request in Dr. Klein's case on May 26, 2016, and the request was granted on June 1, 2016.  U-1 SRF, Tabs 1, 3.  OSC subsequently requested, and received, additional extensions of the stay while it continued its investigation.  DVA consented to OSC's fourth extension request, which the Board granted through May 12, 2017.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-6, Order on Stay Request (Jan. 6, 2017) (U-6 Stay Order).

¶3      From the outset, OSC and DVA disputed the appropriate duties for Dr. Klein to perform while any stay order was in effect.  OSC consistently argued that Dr. Klein must be returned to his pain management physician duties,[2] while DVA at times argued that there were various obstacles to providing such work to Dr. Klein.  After further development of the record on this issue, the Board granted OSC's request that DVA assign Dr. Klein pain management work within

---

[2] OSC asserted that the termination was not based on substandard care or lack of clinical experience.  U-1 SRF, Tab 1 at 5, 8-9.

his clinical privileges.  *Special Counsel ex rel. Dale Klein v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-16-0023-U-5, Order on Stay Request (Nov. 10, 2016); U-6 Stay Order.  It appears that events concerning the terms of Dr. Klein's return to pain management duties led to further dispute between the parties.  DVA maintains that Dr. Klein "has seen no patients despite receiving multiple orders from VA managers since November 2016 to do so." *Special Counsel ex rel. Dale Klein*, MSPB Docket No. CB-1208-16-0023-U-7, Stay Request File (U-7 SRF), Tab 4 at 4.  On May 31, 2017, DVA proposed his removal from service based on two charges:  (1) failure to follow orders to begin treating patients; and (2) offensive language.  U-7 SRF, Tab 1 at 5.

¶4        OSC requests a stay of the May 31, 2017 proposal to remove Dr. Klein while it investigates whether the proposed removal was the result of a prohibited personnel practice.  *Id.* at 7.  OSC asserts that DVA proposed Dr. Klein's removal less than 3 weeks after OSC had issued a prohibited personnel practice report finding DVA officials violated 5 U.S.C. § 2302(b)(8) and (b)(9) by terminating Dr. Klein's employment in April 2016, and only 5 weeks after the DVA Office of Inspector General (OIG) asked DVA management to comment on OIG's report that "substantiated most of the allegations that Dr. Klein made to the OIG."  *Id.* at 3-5.

¶5        Under the unusual circumstances of this case,[3] OSC's latest stay request was partially granted through July 14, 2017, to allow DVA a full opportunity to respond to the latest allegations before ruling on the balance of the stay request.  U-7 SRF, Tab 2.  DVA has filed an opposition to OSC's request, which has been considered along with the entire record in this matter.  U-7 SRF, Tab 4.

[3] The Board has been without a quorum since January 7, 2017, and legislation allowing a single Board member to extend a stay was not enacted until June 27, 2017.

## ANALYSIS

¶6      OSC may request that any member of the Board order a stay of any personnel action for 45 days when OSC believes there are reasonable grounds to believe that the personnel action was taken, or is to be taken, as a result of a prohibited personnel practice. 5 U.S.C. § 1214(b)(1)(A)(i). The purpose of a stay is to maintain the status quo ante and minimize the consequences of an alleged prohibited personnel practice while OSC investigates and potentially resolves the disputed matter with the employing agency. *E.g.*, *Special Counsel ex rel. Andersen v. Department of Justice*, 78 M.S.P.R. 675, ¶ 4 (1998); *Special Counsel ex rel. Shaw v. Social Security Administration*, 76 M.S.P.R. 211, 214 (1997). To that end, an extension of a stay may be granted for any period that is considered "appropriate." 5 U.S.C. § 1214(b)(1)(B).[4]

¶7      In evaluating a request for an extension of a stay, the record will be reviewed in the light most favorable to OSC and a stay extension request will be granted if OSC's prohibited personnel practice claim is not clearly unreasonable. *Special Counsel ex rel. Andersen v. Department of Justice*, 78 M.S.P.R. 675, ¶ 4. However, the Board has recognized congressional intent that stays not extend for "prolonged periods of time" and that the Board thus has an obligation to press OSC to present corrective action cases in a timely manner. *See Special Counsel ex rel. Perfetto v. Department of the Navy*, 85 M.S.P.R. 92, ¶ 12 (2000).

¶8      In light of DVA's recent proposed removal, and its temporal proximity to the OIG report and OSC's prohibited personnel practices report, a brief extension of the stay will be granted through August 11, 2017, to allow OSC to complete its investigation of that action.[5] Given the nature of the charges, it is expected that

---

[4] Recently enacted legislation allows an individual Board member to extend a stay under 5 U.S.C. § 1214(b)(1)(B) when the Board lacks a quorum. *See* Pub. L. No. 115-42, 131 Stat. 883 (June 27, 2017).

[5] OSC argues that its request should be considered as an initial stay request, not a request for an extension of the prior stay, because the proposed removal is a separate

OSC will complete its investigation within that timeframe and then determine whether to pursue corrective action. The matter between Dr. Klein and DVA has been ongoing for more than 13 months, and based on recent events, the dispute appears to be widening rather than moving towards a resolution. Therefore, with the completion of the investigation into this latest action, it appears that the purpose of the stay will be largely exhausted.

¶9     Although OSC's request for an extension is being granted, nothing in this order, or any prior order in this matter, should be interpreted as authorizing Dr. Klein to refuse to comply with a lawful instruction to return to work. Dr. Klein's return to the status quo ante does not invest him with any special rights to dictate or unilaterally change the terms of his employment.

## ORDER

¶10     Based on the foregoing, granting OSC's request for an extension of the stay is appropriate. Accordingly, a stay of Dr. Klein's proposed removal and/or termination is granted through August 11, 2017. It is further ORDERED that:

(1)     During the pendency of this stay, DVA shall reinstate Dr. Klein to the status quo ante on the terms and conditions set forth in the orders issued in this matter dated November 10, 2016, and June 29, 2017;

(2)     Dr. Klein shall cooperate in good faith with DVA's efforts to reinstate him consistent with this Order;

(3)     All actions of DVA to effect the proposed removal of Dr. Klein on May 31, 2017, are hereby stayed;

---

personnel action. U-7 SRF, Tab 1 at 2 n.1. However, there has been no prejudice to Dr. Klein because the period of the extended stay is approximately 1 week longer than the 45 days prescribed by statute for an initial stay. Although, under the unique circumstances, it has been appropriate to consider these stay requests as a single matter involving Dr. Klein and DVA, this should not be construed as a finding that DVA has subjected Dr. Klein to only one "personnel action" as that term is defined in 5 U.S.C. § 2302(a)(2)(A).

(4)  DVA shall not effect any changes in Dr. Klein's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level; and

(5)  Within 5 working days of this Order, DVA shall submit evidence to the Clerk of the Board showing that it has complied with this Order.


FOR THE BOARD:           _____
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.